### THE J. & J. McCARTHY.

### VERDON v. STYFFE.

(Circuit Court of Appeals, Second Circuit. April 18, 1894.)

### No. 97.

1. SHIPPING—PERSONAL INJURIES—SHIFTING TOWING HAWSER.
    Negligently permitting a tug to go ahead while the master of a canal boat, which she is towing, is shifting the towing hawser from the port cleat to the forward bitts, according to directions received from the tug, thereby catching his fingers in the loop of the hawser, renders the tug liable for at least divided damages. 55 Fed. 85, affirmed.

2. ADMIRALTY APPEALS—DECREE FOR DIVIDED DAMAGES.
    Failure of a party to a decree for divided damages to appeal therefrom prevents the appellate court from reversing the decree as against him.

3. SAME—UNJUSTIFIABLE APPEAL—DAMAGES FOR DELAY.
    Appellee allowed damages to the extent of 10 per cent. on the amount in controversy as damages for delay where appeal from decree in admiralty was, in opinion of appellate court, entirely unjustifiable.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by William T. Styffe against the steam tug J. & J. McCarthy, Frederick A. Verdon, claimant, to recover damages for personal injuries. The district court rendered a decree for divided damages (55 Fed. 85), and the claimant of the tug alone appeals.

The facts and the matters in controversy, aside from the testimony, were thus stated by the district judge:

"On the 19th of July, 1892, between 2 and 3 o'clock in the afternoon, the libelant, who was the captain in charge of the canal boat Fred Fassbender, which was going around the Battery in tow of the tug J. & J. McCarthy on a hawser about 40 or 50 feet long, lost two of the fingers of his right hand by getting them smashed in changing the hawser from the port cleat to the forward bitts. The tow had been taken from the Wallabout by two hawsers running to the port and starboard sides. Off pier 5 or 6, East river, the starboard hawser either slipped or parted, and the canal boat, being held by the port line only, began to take a sheer to starboard. The libelant was at that time near the stern of his boat. Seeing the sheer, he ran forward, saw that the starboard hawser was gone, and, according to his testimony, was hailed by one of the men on the stern of the tug, who told him to shift the hawser from the port cleat, and put it over the bitts near the stem; that he attempted to do so; and that while putting the loop which formed the end of the port hawser over the bitts, the tug started up, and that his fingers were thereby caught between the hawser and one of the bitts about six inches from its top."

McCarthy & Berier, for appellant.

Hyland & Zabriskie, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We are entirely satisfied with the conclusions of the district judge that the libelant was injured by the negligence of those in charge of the tug in permitting her to go ahead, without notice to the libelant, while the libelant was attempting to fasten the tug's hawser in a new location upon his own boat, at the request of those in charge of the tug. We are less satisfied with the conclusions of the district judge that the libelant was also negligent. As, however, the libelant has not appealed from the decree dividing the damages sustained by him, we can only affirm the decree. The merits of the controversy depend entirely upon the credibility of the witnesses who were examined in the presence of the district judge. We think the appeal was entirely unjustifiable, and that the cause is a proper one for allowing to the appellee, in addition to interest, damages for delay to the extent of 10 per cent. upon the amount of his recovery, with costs of this court and of the district court.

The judgment is affirmed, with directions to the district court to decree accordingly.